THE STATE, THE NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY, v. JOHN B. HAIGHT, COLLECTOR, &c., OF JERSEY CITY.

A tax levied by the authorities of Jersey City on the boats of the New Jersey Railroad and Transportation Company, used for the transportation and ferriage of passengers and merchandise from the *terminus* of their railroad on the Hudson river, to and from the city of New York, and used as part of a through railroad route between New York and Pennsylvania, and being part of the property of the company represented by its capital stock, is in violation of the chartered rights of the company, and must be set aside.

On *certiorari*. In matter of taxation.

For the prosecutors, *I. W. Scudder*.

DALRIMPLE, J.   This *certiorari* brings up a tax levied by the authorities of the city of Jersey City on the boats of the prosecutors plying and carrying freight and passengers between Jersey City and New York.   The tax is assessed against the Jersey City Ferry Company.   It is proved, however, that no such company is in existence, but that the prosecutors own the boats which are represented by the capital stock of the railroad company.   No question is made as to the right of the prosecutors to the writ of *certiorari* to test the legality of the tax in question.   The prosecutors were incorporated by act of the legislature of this state, passed March 7th, 1832, (*Appendix to Laws of* 1849, *p.* 50,) and were authorized to construct a railroad from the city of New Brunswick to some convenient point not less than fifty feet from high water mark on the Hudson river, opposite the city of New York.   By the eighteenth section of the act, provision is made for the payment into the state treasury of a certain per centum upon the capital stock of the company, and an exemption granted from all other or further tax or imposition, with the proviso that in addition to such tax, if at any time thereafter any railroad should intersect or be attached to said railroad, so as to make a continued line of railroads carrying passengers across the state of New Jersey, between New York and Pennsylvania, then it should be the duty of the treasurer of the company to make quarterly returns of the number of passengers, and the number of tons of freight transported over the whole line of said road to the state treasurer, and thereupon to pay the state at the rate of eight cents for each passenger and twelve cents for each ton of freight transported thereon in manner aforesaid. The fair interpretation of these two sections taken together, I think, is that until the road should become part of a through route between New York and Pennsylvania, the company should only be liable to pay a tax of one quarter of one per cent. upon its capital stock, and that whenever the road should, by connection with any other road, form part of an entire railroad route between New York and Pennsyl-

State v. John B. Haight, Collector, &c.

vania, then it should be subjected to the further payment of a certain transit duty for all freight and passengers transported thereon. By an act approved February 16th, 1853, (*Laws of* 1853, 88,) the fact that the prosecutors were engaged in the transportation and ferriage of passengers and merchandise from the *terminus* of their railroad on the Hudson river to and from the city of New York is recognized, and they are authorized to increase their capital stock to provide, among other things, ample accommodations for such transportation and ferriage, and to give full facilities to the increasing business of the route; and it appears that in 1865, when the tax in question was levied, the boats assessed were in use as a part of a through railroad route between New York and Pennsylvania. I think the exemption from tax, except in the mode prescribed, extends to all the property of the company properly represented by its capital stock, and which is used for the transportation of freight and passengers on the route between New Brunswick and New York, whether upon land or water. The object which the legislature had in view, was to provide the means of transportation from New Brunswick to the Hudson river opposite New York, and eventually between New York and Pennsylvania. To that end provision is made to exempt the prosecutors from all local taxes on property, the use of which is required to carry out the objects of the act of incorporation. This tax having been levied on the boats of the company, which were necessary for the transaction of their legitimate business, and which are represented by capital stock of the company, is illegal and must be set aside.

Assessment set aside.

DEPUE and VAN SYCKEL, Justices, concurred.